## Macurak v. Macurak

*Harvey W. Daniels,* for plaintiff.

ROWLEY, *J.*, February 26, 1980—On August 6, 1979, plaintiff filed a complaint seeking a divorce on the ground of indignities. The complaint, although endorsed with a "notice to plead," Pa.R.C.P. 1026, did not contain a "notice to defend," as required by Pa.R.C.P. 1018.1. A copy of the complaint was served on defendant personally. Defendant did not appear, filed no pleadings, and has not taken part in the proceedings to date.

On October 15, 1979, a master was appointed upon motion by counsel for plaintiff. Following a hearing before the master, he filed a report in which he found that defendant had committed such indignities as to render plaintiff's condition intolerable.* The matter is now before us for disposition. We have concluded that a divorce cannot be granted at this time and that the matter must be remanded for further proceedings.

Pa.R.C.P. 1133(a)(1) provides that a master may be appointed to hear the testimony "[a]fter the action is at issue." Pa.R.C.P. 1131(b) provides that the action is at issue "twenty (20) days after the defendant has been served personally" if no answer is filed. Although it would appear superficially that plaintiff has complied with these two rules in obtaining the appointment of a master, we have concluded, upon further analysis, that the action is not yet at issue and the appointment of the master in this case was premature. Rule 1131(b), which places the case at issue 20 days after personal service of the complaint on defendant, contemplates service of a complaint that complies with the mandatory rules concerning the contents of the complaint.

Rule 1018.1 was added by the Supreme Court on January 23, 1975. There is a distinct difference made between the notice to *defend* which must be contained in the initial complaint and the notice to *plead* which is to be endorsed on subsequent pleadings which require a response. The rule requiring that a notice to defend be incorporated in the complaint is mandatory since it provides that the complaint "shall begin" with the required notice. The

---

*The master did not include a "recommendation" in his report. See Pa.R.C.P. 1133(a)(1).

purpose of the new notice is to inform defendant in general terms and in nonlegalistic language the consequences of the proceeding and how he should defend against the allegations and claims for relief contained in the complaint. The notice emphasizes the advisability to the defendant of obtaining legal advice and how to go about doing so. The purpose of the new form is "to inform uneducated, uninformed, and unsophisticated defendants of the fact that they are being sued and to instruct them as to what action they should take, in language they can understand." 2 Goodrich-Amram 2d §1018.1:1.

If plaintiff can bypass the requirement of Rule 1018.1 and place the case at issue and proceed to judgment without service of the simplified warning to defendant, the Supreme Court's purpose in promulgating the new rule would be thwarted and the rule would, in effect, be nullified. It may well be in this case that defendant understands the proceedings instituted against him, understands the consequences thereof, and has no desire to contest the same. However, even if that is so, it does not justify the failure to serve him with the required notice. As the author states in 2 Goodrich-Amram 2d §1018.1:1: "Rule 1018.1 is universal, applying without distinction to all types of causes of action and to *all parties defendant,* notwithstanding that more sophisticated defendants do not need to be informed in such plain language." (Emphasis supplied.) Therefore, we hold that the failure to serve defendant with a complaint that contains a notice to defend, as required by Rule 1018.1, bars the appointment of a master until after the rule has been complied with.

We do not intend to infer by any means that jurisdiction over defendant has not been obtained. On the contrary, we are satisfied that jurisdiction has

been established. The effect of our holding is merely that the case is not yet at issue and that the appointment of the master and all subsequent proceedings are therefore premature. It will be necessary for plaintiff to have defendant served again with a copy of a complaint that complies with Rule 1018.1. Twenty days thereafter if no answer is filed the appointment of the master may be confirmed and the master may proceed to carry out his responsibilities. It is for these reasons that we will enter an order remanding the matter for further proceedings consistent with this opinion.

## ORDER

Now, February 26, 1980, this case is remanded for further proceedings consistent with the opinion filed this date.